IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**MARY HELEN ROSALES,**

    Plaintiff,

vs.                                                             Civ. No. 02-498 JP/DJS

**JO ANNE B. BARNHART,**
**Commissioner of Social Security,**

    Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court upon Plaintiff's Motion to Reverse or Remand the Administrative Agency Decision filed October 24, 2002. Docket No. 8. The Commissioner of Social Security issued a final decision denying benefits finding that Plaintiff was not disabled. Having considered the Motion, the memoranda submitted by the parties, the administrative record and the applicable law, the Court finds that the motion should be denied.

### PROPOSED FINDINGS

### I. PROCEDURAL RECORD

    1.    Plaintiff protectively filed her application for disability insurance benefits on May 8, 1999 stating an inability to perform any work since January 1, 1992. Tr. 72-84. The Commissioner's Administrative Law Judge (ALJ) conducted a hearing on January 25, 2001. At the

hearing, the Plaintiff was represented by her attorney. On August 1, 2001, the ALJ made the following conclusions according to the sequential analysis set forth in 20 C.F.R. § 404.1520(a)-(f) and Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993. The claimant has not engaged in post-onset substantial gainful activity; the claimant has a combination of impairments considered "severe"; the severity of the claimant's impairments do not meet or equal a listed impairment; the claimant's allegations regarding her limitations are not totally credible; the claimant has the residual functional capacity for the performance of routine work activities at the "sedentary" exertional level; the claimant cannot perform her past relevant work; under the Medical-Vocational Guidelines (grids) the claimant is "not disabled." Tr. 17-23.

3. The ALJ entered his decision on August 1, 2001. Thereafter, the Plaintiff filed a request for review. In March of 2002, the Appeals Council issued its decision denying Plaintiff's request for review and upholding the final decision of the ALJ. Tr. 6. The Plaintiff subsequently filed her complaint for court review of the ALJ's decision on May 6, 2002.[1]

## II.  STANDARD OF REVIEW

4. The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether she applied correct legal standards. See Hamilton v. Secretary of Health and Human Services, 961 F.2d 1495, 1497-98 (10th Cir. 1992). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support a conclusion."

---

[1] During the pendency of this appeal, Plaintiff filed a second application. Plaintiff's application was approved on November 14, 2002. The issue now before this Court is whether Plaintiff is entitled to Supplemental Security Income from April 26, 1999, the date on which she filed her application, and August 2, 2001, the date on which she was found disabled.

Andrade v. Secretary of Health and Human Svcs., 985 F.2d 1045, 1047 (10th Cir. 1993)(quoting Broadbent v. Harris, 698 F.2d 407, 414 (10th Cir. 1983)(citation omitted)).  A decision of an ALJ is not supported by substantial evidence if other evidence on the record overwhelms the evidence supporting the decision.  See Gossett v. Bowen, 862 F.2d 802, 805 (10th Cir. 1988).

    5.  In order to qualify for disability insurance benefits, a clamant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months, which prevents the claimant from engaging in substantial gainful activity.  42 U.S.C. §423(d)(1)(A); see also Thompson, 987 F.2d at 1486.  The regulations of the Social Security Administration require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications.  20 C.F.R. § 404.1520(a-f).  The sequential evaluation process ends if, at any step, the Commissioner finds the claimant is not disabled.  See Thompson, 987 F.2d at 1487.

    6.  At the first four levels of the sequential evaluation process, the claimant must show she is not engaged in substantial gainful employment, she has an impairment or combination of impairments severe enough to limit her ability to do basic work activities and his impairment meet or equals one of the presumptively disability impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1, or she is unable to perform work she had done in the past.  20 C.F.R. §§ 404.1520 and 416.920.  At the fifth step of the evaluation, the burden of proof shifts to the Commissioner to show the claimant is able to perform other substantial gainful activity considering her residual functional capacity, age, education, and prior work experience.  Id.

### III. DISCUSSION

    7.  Plaintiff asserts that the ALJ erred in 1) not providing an adequate basis for discounting the opinion of the Plaintiff's treating physician; 2) his assessment of Plaintiff's credibility; 3) finding

that the Plaintiff did not met the Listing of Impairments §§ 12.04 and 1.04; and 4) his assessment of the Plaintiff's residual functional capacity. Plaintiff also asserts that she should be found disabled as a matter of law.

<u>The opinion of Plaintiff's treating physician</u>.

8.     A treating physician's opnion is generally entitled to substantial weight. <u>Frey v. Bowen</u>, 816 F.2d 508, 513 (10th Cir. 1987). However, the "treating physician rule governs the weight accorded the medical opinion of the physician who treated the claimant...relative to other medical evidence before the fact-finder, including the opinions of other physicians.' <u>Reid v. Chater</u>, 71 F.3d 372, 374 (10th Cir. 1995) (quoting <u>Kemp v. Bowen</u>, 816 F.2d 1469, 1476 (10th Cir. 1987). Any physician's opinion, including that of a treating physician can be rejected if his conclusion is not supported by specific findings, inconsistent with his own treatment notes or inconsistent with the record as a whole. <u>Castellano v. Secretary of HHS</u>, 26 F.3d 1027, 1029 (10th Cir. 1994).

9.     In the decision the ALJ discussed the objective evidence related to Plaintiff's back problems. Tr. 19. In June of 1999, Plaintiff's x-rays of the cervical spine were normal. Tr. 288, 380. A magnetic resonance imaging (MRI) scan in June of 1999 showed bulging and "mild" narrowing in the spine but no disturbance of fluid surround the spinal cord. Tr. 287, 289-90. The MRI of Plaintiff's thoracic spine showed disc changes that were not associated with significant spinal stenosis. Tr. 186, 389. The MRI of the lumbar spine showed narrowing without impingement on the nerve roots or significant effacement of the thecal sac. Tr. 285, 391-92. Moreover, it showed only "mild" herniation at L5-S1. Tr. 285, 392.

10.     When the Plaintiff was examined in November of 2000 by Dr. Joseph K. Ford, an orthopedic specialist, he noted that she had full range of motion of her neck, intact strength in her

arms, intact grip strength, ability to walk on her toes and heels, symmetrical reflexes, normal range of motion of her hips and knees, ability to bear weight on both knees and normal x-ray findings in both knees. Tr. 460. Dr. Ford concluded that the Plaintiff was not a candidate for back surgery. Id.

11.     Plaintiff relies on the physical functional assessment capacity report of Dr. Hickey. He completed this report in June of 2001. Dr. Hickey wrote that the Plaintiff was able to sit, stand, or walk for less than one total hour for each activity out of eight hours. Tr. 20. The ALJ noted in his decision that "[t]his implies that Ms. Rosales must lie down for the majority of the day which seems exaggerative." Id. After summarizing the objective medical evidence the ALJ provided specific references to evidence in the records for discounting the restrictions in the report of Dr. Hickey. The ALJ properly noted that the restrictions noted by Dr. Hickey were in conflict with the opinions of other physicians, the objective findings and the subjective complaints that Plaintiff made to her doctors and at the hearing. The ALJ properly resolved the conflicts in the record. Tillery v. Schweiker, 713 F.2d 601, 603 (10th Cir. 1983).

ALJ's assessment of Plaintiff's credibility.

12.     The ALJ specifically evaluated Plaintiff's subjective complaints and found that Plaintiff was not fully credible. Tr. 21 and 23. In analyzing Plaintiff's credibility, the ALJ provided specific reasons why he discounted Plaintiff's complaints. Tr. 20. Moreover, the ALJ considered Plaintiff's subjective complaints and pain and functional limitations. Tr. 20, 23. Luna v. Bowen, 848 F.2d 161, 165-66 (10th Cir. 1987). The ALJ correctly noted that the main source of Plaintiff's pain was her back problems. However, as noted by the ALJ, Plaintiff testified that she engaged in activities such as walking, spending time with her children and shopping for groceries. Tr. 20  Plaintiff's daily

activities is one factor the ALJ should consider in determining the credibility of her statements. Luna, 834 F.2d 165-66. She was also observed to sit at length without discomfort at the hearing and at her consultative evaluation by Dr. Jaime Michel. Tr. 10, 466.

Listings 12.04 and 1.05.

13. Plaintiff contends that her depression meets Listing 12.04, affective disorders. Listing 12.04 requires Plaintiff to show that her depressive syndrome (1) manifests itself in at least four of nine characteristics ("A" criteria) and (2) has resulted in "marked" or "repeated difficulties in at least two of four functional areas ("B" criteria). 20 C.F.R. Part 404, subpt. P. App. 1, Listing 12.04.

14. At the hearing the ALJ arranged for a consultative evaluation by Dr. Michel, a psychiatrist. Dr. Michel evaluated the Plaintiff in April of 2001. Tr. 464-70. In reviewing the report of Dr. Michel, the ALJ found that Plaintiff had symptoms of depression, although he noted they were often precipitated by situational domestic factors. Tr. 21, 434, 435, 444. The record supports the ALJ's finding that "these manifestations do not impose significant functional limitations when evaluated under the appropriate functional areas of the "B" criteria. The ALJ noted that Plaintiff testified that her only mental symptoms was the she as not interested in doing anything. However, elsewhere she indicates that her activities of daily living were primarily limited due to chronic pain. Plaintiff has testified that she gets along well with people. The substantial evidence supports the ALJ's finding that she has more than "slight" limitations in her ability to conduct activities of daily living and engage in appropriate social interaction. Moreover, Dr. Michel did evaluate Plaintiff's ability to sustain concentration, persistence and pace. The ALJ's adoption of his evaluation on this matter is supported by the substantial evidence. Furthermore, the record does not provide a evidence that Plaintiff had any episodes of decompensation. Tr. 21. Thus, the ALJ properly concluded that

Plaintiff did not meet Listing 12.04.

15. Plaintiff's argument that her mental condition was more limiting is based primarily on her own subjective complaints. However, as noted above, the substantial evidence supports the ALJ's finding that Plaintiff was not fully credible.

16. Listing 1.05 requires the Plaintiff to prove that she had all of the following and each persisted for at least three months despite prescribed therapy and were expected to last 12 months: 1) pain, muscle spasm, and significant limitation of motion in the spine, and (2) appropriate radicular distribution of significant motor loss, with muscle weakness, and sensory and reflex loss. 20 C.F.R., Part 404, Subpt. P, App. 1, Listing 1.05. Upon review of the record, the ALJ found that there were no findings of appropriate radicular distribution of motor loss, muscle weakness, sensory loss and reflex loss. Tr. 19. Plaintiff does not point to any evidence otherwise.

<u>The ALJ's finding that Plaintiff as the residual functional capacity for sedentary work</u>

17. Plaintiff relies on the residual functional capacity form completed by Dr. Hickey to assert that she can not perform the requirements of sedentary work. As discussed above, the ALJ properly did not give this report great weight. Moreover the record shows that the Agency asked James A. Blain, MD., David Green, MD., and Melvin L. Golish, MD. to review the medial evidence. All three found that Plaintiff that the residual functional capacity to perform work activities consistent the requirements of sedentary work. Tr. 393, 400, 401-08. The ALJ properly resolved the conflict in the evidence. <u>Tillery v. Schweiker</u>, 713 F.2d 601, 603 (10th Cir. 1983).   <u>The Medical-Vocational Guidelines (grids) direct a Finding of Not Disabled</u>.

18. Plaintiff asserts that the ALJ's reliance on the grids was improper due to Plaintiff's nonexertional imitations of headaches, pain and depression. The mere presence of nonexertional

limitations does not automatically preclude reliance on the grids.  Ray v. Bowen, 865 F.2d 222, 225 (10th Cir. 1989).  The presence of nonexertional imitations precludes reliance "only to the extent that such [limitations] limit the range of jobs available to the claimant."  Id. at 226.  With regard to Plaintiff's claim of having disabling headaches, the ALJ noted that all tests had been normal.  Tr. 20. Moreover, as to Plaintiff's depression, as discussed above, the ALJ properly found that Plaintiff's depression was not as limiting as alleged.  Regarding Plaintiff's back gain, at least three qualified Agency physicians found that Plaintiff was capable of performing sedentary work.   The ALJ may rely exclusively on the grids when Plaintiff's non-exertional limitations do not significantly erode the occupational base  Gossett v. Bowen, 862 F.2d 802, 806 (10th Cir. 1988).

## RECOMMENDED DISPOSITION

I recommend finding that the ALJ did apply the correct legal standards and his decision is supported by substantial evidence.  The Plaintiff's Motion to Reverse and Remand Administrative Decision, filed October 24, 2002, be DENIED.

Timely objections to the foregoing may be made pursuant to 28 U.S.C. Sec. 636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to Sec.636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas N.W., Albuquerque, NM 87102.  A party must file any objections within the ten day period allowed if that party wants to have appellate of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

_____
**Don J. Svet**
**UNITED STATES MAGISTRATE JUDGE**